IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Kevin Mallette, #238397, | ) | Civil Case No. 2:14-cv-0107-BHH-MGB |
| | ) | |
| Petitioner, | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| LeVern Cohen, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The Petitioner, a state prisoner represented by counsel, seeks habeas relief pursuant to 28 U.S.C. § 2254. This matter is before the court on Respondent's Second Motion for Summary Judgment (Dkt. No. 50; *see also* Dkt. No. 49) and Petitioner's Motion of Partial Summary Judgment and Evidentiary Hearing. (Dkt. No. 54.) Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this Magistrate Judge is authorized to review the instant petition for relief and submit findings and recommendations to the District Court.

The Petitioner filed this habeas action on January 14, 2014. (Dkt. No. 1.) On June 27, 2014, Respondent filed a Motion for Summary Judgment. (Dkt. No. 22; *see also* Dkt. No. 23.) On July 21, 2014, Petitioner filed a Notice and Motion to Amend his Petition. (Dkt. No. 27.) The Respondent opposed allowing the Petitioner to amend his Petition. (Dkt. No. 29.) On October 7, 2014, Petitioner filed a response to Respondent's Motion for Summary Judgment. (Dkt. No. 33.) The Honorable Wallace W. Dixon issued a Report and Recommendation recommending the District Court grant Respondent's Motion for Summary Judgment because the Petition was not timely and deny Petitioner's Motion to Amend as futile. In a text order, the Honorable Bruce Howe Hendricks did not adopt the Report and Recommendation and ruled that the Petitioner was entitled as a matter of right to amend his Petitioner under Fed. R. Civ. P. Rule

15 (a)(1)(B). (Dkt. No. 43.)  The Respondent filed the Second Motion for Summary Judgment now before the court on May 1, 2015.  The Petitioner responded on June 8, 2015, and filed his Motion of Partial Summary Judgment and Evidentiary Hearing.  (Dkt. Nos. 53 & 54.)

In his amendments to the Petition, the Petitioner added two additional grounds for relief. They are as follows (verbatim):

> **GROUND THREE**: Denied the actual effective assistance of criminal direct appeal attorney, criminal direct appeal failed to raise the denial of directed verdict and JNOV motion(s) during criminal direct appeal. App. P. 535 and P. 545
>
> **GROUND FOUR**: Petitioner was denied due process and equal protection of the law-denied full and fair hearing in state court-denied adequate and complete indirect appellate review in state court(s). The 6-27-24 Return and Memoe [sic] stress "the transcript of that hearing" of 6-8-2004 "is no longer available" so why was not Mellette granted equal protection and due process such as in *Whitehead v. State*, 574 S.E.2d 200, 203 (2003) ("remand the case to Jasper County for a hearing to reconstruct the first PCR record.") App. P. 496. It is apparent that Prtitioner [sic] did not receive a full and fair hearing in the state count(s) [sic] on indirect appeal.  Rule 7 & 8 of Rule governing section 2254 case is unavailable to Mellette as the case stands.

(Dkt. No. 27-1.)

The undersigned has reviewed Judge Dixon's Report and Recommendation. (Dkt. No. 34.)  Judge Dixon based his recommendation to grant Respondent's motion on the untimeliness of the Petition.  Nothing in the Amended Petition affects the sound findings and analysis of Judge Dixon.  This court hereby incorporates Judge Dixon's Report and Recommendation as its own. Accordingly, the undersigned directs the Clerk of Court to append Judge Dixon's Report and Recommendation (Dkt. No. 34) to this court's Report and Recommendation.

## **RECOMMENDATION**

Accordingly, the undersigned magistrate judge **RECOMMENDS** that the Respondent's Second Motion for Summary Judgment (Dkt. No. 50; *see also* Dkt. No. 49) be **GRANTED** and

that Petitioner's Motion of Partial Summary Judgment and Evidentiary Hearing (Dkt. No. 54) be

**DENIED**.

   **IT IS SO RECOMMENDED.**

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

January 29, 2016
Charleston, South Carolina

   **The parties' attention is directed towards the important notice on the last page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).