UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kevin Mallette, #238397,<br><br>                Petitioner,<br>vs.<br><br>LeVern Cohen,<br><br>                Respondent. | Civil Action No.: 2:14-cv-0107-BHH<br><br>**Opinion and Order** |

Petitioner, Kevin Mallette, ("Petitioner"), proceeding *pro se,* filed this amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 27-1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(d), D.S.C., the action was referred to United States Magistrate Judge Mary Gordon Baker, for pretrial handling and a Report and Recommendation ("Report"). Magistrate Judge Baker recommends that Respondent's Second Motion for Summary Judgment be granted, Petitioner's Motion for Partial Summary Judgment and Evidentiary Hearing be denied, and Petitioner's § 2254 petition be dismissed. (ECF No. 56.) The Report sets forth in detail the relevant facts and standards of law on this matter and the Court incorporates them without recitation.

## BACKGROUND

Petitioner filed this action against Respondent alleging, *inter alia,* ineffective assistance of counsel. (ECF No. 1.) As the Report explains in detail, the action was originally referred to Magistrate Judge Wallace W. Dixon, who issued a Report recommending that Respondent's First Motion for Summary Judgment be granted because the petition was not timely. (ECF Nos. 56 at 1–2; 34 at 7-15.) After this Court

1

found that Petitioner was entitled as a matter of right to amend his petition (ECF No. 43), Respondent filed a Second Motion for Summary Judgment (ECF No. 50), and the case was referred to Magistrate Judge Baker. On January 29, 2016, Magistrate Judge Baker issued a Report, finding that the petition was untimely and "[n]othing in the [a]mended [p]etition affects the sound findings and analysis of Judge Dixon." (ECF No. 56 at 2.) She therefore incorporated Magistrate Judge Dixon's Report into her own. (*Id.*) Thus, the Court looks to both Reports (ECF Nos. 34; 56) to resolve Respondent's Second Motion for Summary Judgment. Petitioner filed his Objections on February 10, 2016. (ECF No. 58.) Having carefully reviewed the record, the Court finds that the Magistrate Judge has accurately and adequately summarized the disputed and undisputed facts relevant to this action. The Court has reviewed the objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.[1]

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not

---

[1] As always, the Court says only what is necessary to address Petitioner's objections against the already meaningful backdrop of a thorough Report of the Magistrate Judge, incorporated entirely by specific reference, herein, to the degree not inconsistent. Exhaustive recitation of law and fact exists there.

2

direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In reviewing these pleadings, the Court is mindful of the petitioner's *pro se* status. When dealing with a *pro se* litigant, the Court is charged with liberal construction of the pleadings. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a petitioner's clear failure to allege facts that set forth a cognizable claim, or that the Court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

## **DISCUSSION**

Magistrate Judge Dixon found that each of the grounds raised in the petition are procedurally barred and the Court agrees. He provided a detailed procedural history of Petitioner's actions for state post-conviction relief ("PCR") and subsequent § 2254 petition and correctly found that the petition was not timely filed under 28 U.S.C. § 2244(d). (ECF No. 34 at 2–15.) As stated in the Report, the South Carolina Supreme Court denied Petitioner's direct appeal and issued the remittitur on August 7, 2001. (*Id.* at 8–9; ECF No. 23-4.) Because Petitioner sought review of his conviction with the South Carolina Supreme Court, the one-year statute of limitations under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") began running on

October 17, 2001.[2] (*Id.* at 9.) The statute of limitations was then tolled from the filing of Petitioner's first PCR application on June 20, 2002 (ECF No. 23-10 at 64–108), until August 3, 2004, when his first PCR action was denied by the state circuit court (*Id.* at 115–118). Thus, after accounting for the statutory tolling period, Petitioner had until November 10, 2004 to file his federal habeas petition. Petitioner did not file his § 2254 petition until January 9, 2014, and the Magistrate Judge therefore correctly found that the petition was untimely. The statute of limitations was not further tolled by Petitioner filing his second PCR application on April 5, 2007, because by that time the one-year limitations period had already expired. (ECF No. 34 at 4, 9–10.) The Magistrate Judge then determined that Petitioner's untimely filing should not be excused by equitable tolling. (*Id.* at 11–15.)

As noted above, Petitioner filed objections to the Magistrate Judge's Report which the Court has carefully reviewed. According the requisite liberal construction, the Court finds that portions of Petitioner's filing raise specific objections and thus invoke *de novo* review, which the Court has conducted. Petitioner objects to the Magistrate Judge's finding that his petition was untimely. He first claims that he "was not allowed 'meaningful appellate review' according to state and federal due process clauses." (ECF No. 58 at 1.) He provides no argument for this claim, other than citing to an unpublished South Carolina Supreme Court opinion, *Frady v. State*, No. 2012-207126,

---

[2] Since the Petitioner sought review of his conviction with the South Carolina Supreme Court, the AEDPA's one-year statute of limitations began running 90 days after the final ruling of the South Carolina Supreme Court, which is the time period for filing a Petition for Writ of Certiorari in the United States Supreme Court. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653–54 (2012) (holding that a judgment becomes final for purposes of § 2244(d)(1) "when the time for pursuing direct review in [the United States Supreme] Court, or in state court, expires"). Here, the materialization of finality tolled for 90 days to allow for certiorari to the United States Supreme Court, ending on October 17, 2001, 90 days after July 19, 2001.

2015 WL 8478417, at *1 (S.C. Dec. 9, 2015). In *Frady*, the court found that "the incomplete nature of the PCR transcript" precluded meaningful appellate review of the PCR judge's ruling on six of the petitioner's grounds for relief. 2015 WL 8478417, at *1. Here, the PCR transcript was available for review in its entirety—*Frady* is therefore inapplicable. (ECF No. 23-11 at 49–95.) The Court finds that Petitioner was afforded meaningful appellate review in this case and overrules this objection.

Petitioner next appears to assert that Ground Four is not subject to the one-year statute of limitations under South Carolina law.[3] (ECF No. 58 at 2.) In support, he first cites *Wilson v. State*, 559 S.E.2d 581, 581 (S.C. 2002), for the "rule" that the "one-year limitations period in which to file a petition for post-conviction relief d[oes] not apply where defendant was denied a direct appeal of his conviction due to ineffective assistance of counsel." (ECF No. 58 at 2.) In *Wilson*, the South Carolina Supreme Court held that "every defendant has a right to file a direct appeal and one PCR application." 559 S.E.2d at 582–83. Because the *Wilson* petitioner had not "received either a direct appeal from his conviction or a PCR hearing," the court found that his petition was not barred by the one-year statute of limitations. *Id.* at 583. Here, Petitioner had both a direct appeal from his conviction and a PCR hearing—*Wilson* is therefore inapplicable.

Petitioner also cites *In re Goddard*, 170 F.3d 435, 438 (4th Cir. 1999). In *Goddard*, the Fourth Circuit Court of Appeals ruled that when a federal prisoner uses a § 2255 motion to regain a right to appeal, "the counter of collateral attacks pursued is

---

[3] Ground Four alleges that Petitioner was denied: (1) due process and equal protection of the law; (2) a full and fair hearing in state court; and (3) adequate and complete indirect appellate review in state court. (ECF No. 27-1.)

reset to zero," such that a later § 2255 motion is not second or successive. 170 F.3d at 438 (internal quotation marks omitted). Here, there is no issue as to whether Petitioner filed a *successive* habeas petition; rather, the Court must decide whether his petition was *untimely* under the statute of limitations. Accordingly, *Goddard* is also inapplicable. For reasons previously stated, the Court finds that all of Petitioner's grounds for relief are procedurally barred, including Ground Four. This objection is therefore overruled.

Petitioner's remaining objections are only conclusory statements, meritless contentions, and arguments that the Magistrate Judge has already considered and rejected. Thus, the Court is tasked only with review of the Magistrate Judge's conclusions for clear error. Because the Court agrees with the cogent analysis by the Magistrate Judge, it need not discuss those same issues for a second time here. Therefore, the Court will overrule Petitioner's remaining objections.

## **CONCLUSION**

After a thorough review of the Report, the record, and the applicable law, the Court finds that Petitioner's objections are without merit. Accordingly, for the reasons stated above and by the Magistrate Judge, the Court overrules Petitioner's objections and adopts the Report and incorporates it herein. It is therefore ORDERED that Respondent's Second Motion for Summary Judgment (ECF No. 50; *see also* Dkt. No. 49) is GRANTED, Petitioner's Motion of Partial Summary Judgment and Evidentiary Hearing (Dkt. No. 54) is DENIED, and Petitioner's § 2254 petition is DISMISSED *with prejudice*.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

>   (c) (2) A certificate of appealability may issue . . .only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>   (c) (3) The certificate of appealability. . . shall indicate which specific issue or issues satisfy the showing required in paragraph (2).

28 U.S.C. § 2253 (c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S, 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F. 3d 676, 683 (4th Cir. 2011). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of deniability is DENIED.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

March 4, 2016
Greenville, South Carolina

*****

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.